BAYER v. GAGE et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8651. Decided May 14, 1928.

Syllabus by Editorial Staff.

**TRIAL.**
(590 V2c) A verdict is properly directed at the close of plaintiff's evidence where it appears that no issue has been raised.

**CONTRACTS.**
(150 A) Where plaintiff and defendant agreed to exchange properties but each withdrew their papers from the escrow agent they thereby abandoned the contract.

Error to Common Pleas.

Judgment affirmed.

Smith, Olds, Smith & Shepard, Cleveland, for Bayer.

Simons, DeWitt & Vilas, Cleveland, for Gage.

STATEMENT OF FACTS.

The parties hereto entered into a contract for the exchange of certain real estate, and, because of a breach in the terms, the plaintiff claims that she has been damaged in the sum of $18,720.00, and for cross-petition the defendant asserts that she has been damaged in the sum of $13,800.00.

The plaintiff owned an apartment house on East 82nd St., in the City of Cleveland. The defendant owned certain lots located on Mayfield Road. By the terms of the agreement, The Guarantee Title & Trust Company, was nominated as escrow agent. It was agreed that the 82nd Street property should be conveyed to defendant, free and clear of all encumbrances excepting two mortgages, together with taxes and assessments on the property, and that defendant should execute a warranty deed of the lots on Mayfield Road and it was stipulated that all of these lots were free and clear of encumbrances, excepting taxes, and as to the taxes it was agreed that they should be assumed and paid by the respective grantees.

SULLIVAN, PJ.

An essential stipulation of the contract was that the necessary papers should be deposited with the agent and that they could not be withdrawn until the expiration of fifteen days after May 10, 1926, to-wit, May 25, 1926.

The record shows that the plaintiff executed her warranty deed and that it was deposited with The Guarantee Title & Trust Co. In addition to this, the plaintiff deposited with the escrow agent a statement of title that the same was free and clear of encumbrances.

The bill of sale as provided for was also executed and deposited according to the agreement.

Upon examination by the trust company, as to the title to the Mayfield Road lots, it was found that one of the lots was encumbered by a mechanic's lien. This information was conveyed to the parties and a release was demanded. This notification by the abstract company to the defendant, of the mechanic's lien, was on June 1, 1926. It appears, however, that on June 16, 1926, the lien was cancelled.

This status in the case calls our attention to a certain clause of the escrow agreement which reads:

"If the search of the title discloses the requirement of the deposit of any additional papers or funds, or the doing of any act not mentioned in these instructions, the party upon whom the duty rests to deposit such papers or funds or to do such act, may have fifteen days from the date of notification by you of such requirements, before the other party may withdraw any papers or funds."

It appears that defendant adhered to the terms of the escrow agreement with relation to the cancelling of the mechanic's lien.

On the 17th day of June, 1926, plaintiff withdrew her papers from the escrow agent.

The defendant on July 10, 1926, some three weeks after the plaintiff had withdrawn her escrow papers, likewise withdrew the escrow deposits which she had made. This leaves the following legal situation.

The plaintiff could not recover under her petition if she breached the contract herself, or was a party, either directly or indirectly, to any breach on the part of defendant.

The withdrawal by plaintiff of her escrow papers from the escrow agent, on June 17, 1926, in the opinion of the court, was not justified because the bone of contention, to-wit, the mechanic's lien, was cancelled within the time prescribed in the contract. Therefore, so far as there being a case to submit to a jury, we think the court was justified in sustaining the motion to direct.

(Vickery and Levine, JJ., concur.)